IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNNY BRANDES,<br><br>                   Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                   Defendant. | **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER FOR FURTHER CONSIDERATION**<br><br>Case No. 2:15-cv-227-BCW<br><br>Magistrate Judge Brooke Wells |

All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit.[1]

Plaintiff Sunny Brandes ("Plaintiff") seeks judicial review of the determination of the Commissioner of Social Security Administration that denied her application for Supplemental Security Income. On February 10, 2016, the Court heard oral argument on the administrative record. At the hearing, Plaintiff was represented by Ms. Wendy Fenton and Defendant Carolyn W. Colvin ("Defendant") was represented by Ms. Alexess Rea. At the conclusion of the hearing, the Court took the matter under advisement.[2] Upon further consideration of the arguments made by counsel both in their briefs and at oral argument along with the administrative record and relevant case law, for the reasons set forth more fully below, the Court REVERSES AND REMANDS the decision of the Commissioner.

---

[1] Docket no. 15.

[2] Docket no. 31.

**PROCEDURAL HISTORY**

On June 28, 2011, Plaintiff filed an application for supplemental security income.[3] Plaintiff alleged physical impairments qualified her for benefits. Plaintiff's application was initially denied on September 15, 2011, and upon reconsideration on October 31, 2011.[4] Thereafter, on November 3, 2011, Plaintiff filed a written request for hearing.[5] A hearing in Plaintiff's case was before an Administrative Law Judge ("ALJ") on December 12, 2012.[6]

On December 31, 2012, the ALJ issued a written decision denying Plaintiff benefits.[7] On August 19, 2014, the Appeals Council denied review of Plaintiff's claim.[8] Therefore, the ALJ's decision became the final decision of the Commissioner of Social Security and this appeal followed.

### A. The ALJ's Decision

The ALJ found at Step One of the required sequential evaluation process[9] Plaintiff has not engaged in substantial gainful activity since June 28, 2011, the application date.[10] At Step Two, the ALJ found Plaintiff had the following severe impairments: (1) Cervical disc herniation at C5-C6 with non-dominant, right upper extremity radiculopathy; and (2) Lumbar degenerative changes with left lower extremity radiculopathy.[11] The ALJ noted that Plaintiff has been diagnosed with depression and anxiety while completing detoxification treatment in December

---

[3] Docket no. 9, Administrative Record [hereinafter referred to as "Tr."] at 55-56.
[4] Tr. at 23.
[5] Tr. at 91-93.
[6] Tr. at 38.
[7] Tr. at23-33.
[8] Tr.a t 1.
[9] *See* 20 C.F.R. § 404.1520.
[10] Tr. at 25.
[11] *Id.*

2011 for opiate use. However, the ALJ found that these impairments were not severe and "do not appear to have caused more than a minimal limitation on [Plaintiff's] ability to perform basic mental work activities."[12] At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments contained in the regulations.[13]

Next, the ALJ found Plaintiff had the residual functional capacity ("RFC") "to perform a wide range of light work as defined in 20 C.F.R. 416.967(b). Although able to engage in light exertional activities, the claimant is limited to no more than occasional postural activities."[14] At Step Four, the ALJ found Plaintiff was capable of performing her past relevant work as a Graphic Designer.[15] In the alternative, at Step Five, the ALJ, relying on the Medical-Vocational Guidelines ("Grids") as a framework found Plaintiff could perform other work existing in significant numbers in the national economy.[16] Therefore, the ALJ found Plaintiff not to be disabled under the Social Security Act.

## STANDARD OF REVIEW

The Court reviews "the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied."[17] If supported by substantial evidence, the findings are conclusive and must be affirmed.[18] Substantial evidence is "more than a scintilla, but less than a preponderance."[19]

---

[12] Tr. at 26.

[13] Tr. at 27.

[14] Tr. at 27.

[15] Tr. at 31.

[16] Tr. at 31-33.

[17] *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014).

[18] *Richardson v. Perales*, 402 U.S. 389, 401 (1981).

[19] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Thus, "[t]he possibility of drawing to inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[20]

In addition, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[21] The Court "...may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter be before it de novo.'"[22] Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed are grounds for reversal."[23]

## FINDINGS[24]

Plaintiff raises the following issues upon appeal: (1) The ALJ failed to properly evaluate whether the claimant's impairment met or equaled the listing for 1.04, disorders of the spine; (2) The ALJ erred in according inadequate weight to the treating physician; (3) The ALJ erred in failing to properly consider the claimant's non-exertional impairments of pain, the need for a sit/stand option, manipulative limitations, migraine headaches, depression and anxiety, and their effect on Ms. Brandes' residual functional capacity; (4) At step 4, the ALJ failed to obtain evidence regarding the mental, physical and emotional demands of Ms. Brandes' past relevant work; (5) at step 5, the ALJ improperly relied on the grids, failing to consider Ms. Brandes' exertional and non-exertional impairments, which prelude reliance on the grids; and (6) The ALJ

---

[20] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).

[21] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[22] *Lax*, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).

[23] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).

[24] The Court finds the parties have adequately set forth Plaintiff's medical history in their respective briefs. Therefore, the Court finds it unnecessary to repeat that record here.

erred in his credibility analysis and failed to properly consider third party statements.[25] The Court finds issue two (2) to be dispositive because the ALJ's evaluation of the Plaintiff's treating physician's opinion is not supported by substantial evidence. A review of this analysis effects the other issues raised by Plaintiff as many of the ALJ's findings are dependent upon acceptance or discount of Dr. Berdan's opinion. Therefore, the Court makes no findings as to the other issues raised by Plaintiff.

### A. Treating Physician Opinion

Plaintiff argues the ALJ erred by not giving Plaintiff's treating physician, Dr. Jeff Berdan's opinion controlling weight. Dr. Berdan is a physical medicine and rehabilitation physician who has been treating Plaintiff since May 10, 2011. Dr. Berdan has examined Plaintiff on numerous occasions.

On August 12, 2011, Dr. Berdan completed a "Residual Functional Capacity Questionnaire" which provided his opinions as to Plaintiff's conditions.[26] This form asked a series of questions and provided checkboxes and space for Dr. Berdan to provide additional commentary for his answers. Dr. Berdan diagnosed Plaintiff with "cervical and lumbar radiculopathy due to large C5-6 and L5-S1 disc herniations; myofascial pain; depression and chronic pain."[27] This form also indicated the following clinical findings by Dr. Berdan, "MRI evidence of large disc herniation at C5-6 and L5-S1; clinical weakness in left ankle plantar fusion, asymmetric reflexes and sensation."[28] Dr. Berdan also provided estimates on Plaintiff's work limitations.

---

[25] Opening Br., docket no. 18 at p. 7.

[26] Tr. at 352-354.

[27] Tr. at 352.

[28] *Id.*

In his opinion, the ALJ analyzed Dr. Berdan's opinion as follows:

> The undersigned gives little weight to the medical source statement completed by Jeff Berdan, DO, a physician who initially started treating the claimant in May, 2011. While it appears that the claimant's symptoms were aggravated after a motor vehicle accident involving a deer in May 2012 (driver not disclosed), the undersigned finds that Dr. Berdan's treatment notes do not support a finding that the claimant would need to lie down for significant periods during a workday. However, he otherwise indicated that she could sit for up to five hours, stand to two to three hours (with some walking). Additionally, although the record does confirm the presence of radiculopathy into her right upper extremity, her performance during consultative examination suggests that she had no manipulative limitations with no evidence that she would be unable to lift and carry up to 20 pounds. Finding no objective evidence to support a finding that the claimant has been unable to perform any degree of work activities since filing this application, the undersigned gives little weight to Dr. Berdan's statements.[29]

It is the ALJ's duty to give consideration to all medical opinions in the record. He must also discuss the weight he assigns to such opinions."[30] Under the regulations, "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairments, including…symptoms, diagnosis, and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions."[31] Social Security Ruling ("SSR") 96-8p provides "[t]he RFC assessment must always consider and address medical source opinions. If the assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[32]

In the 10th Circuit, in evaluating Plaintiff's treating physician(s), "…the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct."[33] "The initial

---

[29] Tr. at 30.

[30] *Mays*, 739 F.3d 569, 578 (10th Cir. 2014)(internal quotation marks omitted).

[31] 20 C.F.R. § 416.927(a)(2).

[32] SSR 96-8p, 1996 WL 374184, at *7 (Effective July 2, 1996).

[33] *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).

determination the ALJ must make with respect to a treating physician's medical opinion is whether it is conclusive, i.e., is to be accorded controlling weight, on the matter to which it relates."[34] "The ALJ must give 'controlling weight' to the treating physician's opinion, provided that opinion 'is well-supported…and is not inconsistent with other substantial evidence…'"[35] "If the opinion is deficient in either of these respects, it is not to be giving controlling weight."[36] However, "[e]ven if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference[.]"[37] Thus, at the second step in the analysis, the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors"[38] provided in [20 C.F.R. § 404.1527].[39] "If this procedure is not followed, a remand is required."[40]

In addition, as with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to raise and resolve evidentiary conflicts and inconsistencies. Moreover, the 10th Circuit has recognized that the ALJ is not required to discuss every factor set forth in the relevant regulations.[41]

Here, Plaintiff argues that contrary to the ALJ's findings, Dr. Berdan's opinion was well supported by the objective evidence including MRI findings. Also, Plaintiff points to a progress

---

[34] *Id*. (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)).

[35] *White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2001)(citing 20 C.F.R. § 404.1527(d)(2)).

[36] *Krauser*, at 1330.

[37] *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004)(internal quotations and citations omitted).

[38] *Krauser*, at 1330.

[39] Those factors are: (1) the length of treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)(internal quotation omitted).

[40] *Chrismon v. Colvin*, 531 Fed. App'x 893, 900-901, (10th Cir. 2013)(unpublished).

[41] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007)(stating that when an ALJ does not discuss every factor it "does not prevent this court from according his decision meaningful review).

note authored by Dr. Berdan after the ALJ's opinion[42] in which Dr. Berdan comments on the ALJ's decision as support for the argument that his opinion was supported by the objective evidence.  Plaintiff further argues Dr. Berdan's late ranalysis lends further support to the argument that his opinion should have been afforded more than little weight.

In the progress note dated January 15, 2013 (after the ALJ's opinion), Dr. Berdan notes that he agreed with the ALJ that the "functional limitations outlined on that form are subjective, as no specific objective testing was performed to find out how long Sunny could reasonabl[y] sit, stand, lift, etc.  That information could only objectively be obtained by having Sunny perform those actual activities…I therefore had to rely to some degree on her report on her ability to do different functional activities[.]"[43]  Dr. Berdan also noted that the state agency examiners' opinions--to which the ALJ gave great weight were not "necessarily more or less appropriate than the subjective opinion in the form I filled out, as his assessment was based on a single physical examination that did not include a formal Functional Capacity Examination.  He therefore can make no more informed statement about her tolerance of various activities based on his findings."[44]  However, Dr. Berdan noted that the state agency examiner's opinion was more recent than his and therefore may reflect changes/improvement in her functional status.[45]  Additionally, Dr. Berdan reiterated that he cannot comment as to whether Plaintiff is disabled under Social Security laws but he does not "have any evidence that would positively demonstrate that [Plaintiff] is malingering."[46]

---

[42] At oral argument, the undersigned asked counsel for the Commissioner if this progress note could be considered. The Commissioner agreed it was proper for the Court to consider this evidence because it was before the Appeals Council for review.

[43] Tr. at 391.

[44] *Id.*

[45] *Id.*

[46] *Id.*

Here, the Court finds the ALJ properly found Dr. Berdan's opinion not to be afforded "controlling weight:" because his opinions were inconsistent with other substantial evidence in the record and the Court "can tell from the decision that the ALJ declined to give controlling weight to Dr. Berdan's opinion."[47] Namely, Dr. Berdan's opinion arguably conflicts with the state agency consultant's opinions and Dr. Mehr's findings.   However, the Court does find error in the reasoning the ALJ used in discounting Dr. Berdan's opinion at the second step of the analysis.  In making this determination, the Court is cognizant that the ALJ is not required to discuss all the factors set forth in the regulations and case law.  But, in the instant case the Court finds the ALJ failed to clearly demonstrate how his analysis was tied to the regulatory factors— the ALJ did not list the factors in his analysis.[48]

Moreover, the Court agrees with Plaintiff that the objective evidence does support the findings.   Dr. Berdan made MRI findings do show disc herniation and Dr. Berdan consistently treated Plaintiff for pain symptoms. Also, the Court finds that this case is unique in that we have the benefit of examining Dr. Berdan's analysis *after* the ALJ issued his opinion.  Contrary to Defendant's arguments, the Court finds that Dr. Berdan's later opinion does not "agree[] in large part with the ALJ's rationale."[49]  Rather, the Court finds that Dr. Berdan's later opinion bolster's Plaintiff's arguments that the ALJ's opinion is not supported by substantial evidence.

Without reweighing the evidence, the Court tends to agree with Dr. Berdan's commentary that objective evidence could only be obtained by actually having Plaintiff perform the actual activities in the Functional Capacity Examination.  Therefore, Dr. Berdan had "to rely

---

[47] *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014).

[48] *See id*. at 576 ("But the ALJ listed those factors and the record shows that the ALJ adequately considered them.")

[49] Docket no. 25 at fn. 8.

to some degree on her clinic presentation/physical examinations findings over time."[50] The Court finds in this case, such an interpretation to be reasonable and supportive of the Court's conclusion that the ALJ failed to recognize the well-established principle that "[e]ven if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference[.]"[51] There can be no doubt that Dr. Berdan spent the most time out of any provider with Plaintiff assessing her limitations. For example, in the progress note after the ALJ's opinion, Dr. Berdan noted that he spent greater than 50 minutes in direct face-to-face contact with Plaintiff that did not include the time spent providing trigger point injections.[52] Further, the Court was guided to the conclusion that this case ought to be remanded for further consideration of the treating physician opinion because the Court does not find the ALJ's error to be harmless. An error is harmless when "based on the material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative fact finder, following the correct analysis, could have resolved the factual matter in any other way."[53] Here, the Court believes that if the regulatory factors were applied correctly or in a manner than allows the Court to examine how the factors were applied, a reasonable fact finder might find that Dr. Berdan's opinion is entitled to more weight. In addition, Dr. Berdan's clear statement in the progress note that Plaintiff was not malingering calls into question the ALJ's credibility analysis. The Court believes the prudent course is to allow the Social Security Administration the opportunity to revisit the ALJ's findings in this case as to Dr. Berdan.

---

[50] Tr. at 391.

[51] *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004)(internal quotations and citations omitted).

[52] Tr. at 392.

[53] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

Therefore, the Court finds the ALJ erred by not complying with the second step of the analysis set forth above. The ALJ did not give good reasons for affording Dr. Berdan's opinion little weight and the ALJ's reasoning was not sufficiently tied to the factors.[54]

## CONCLUSION & ORDER

Upon review and consideration of the administrative record, arguments made by counsel in their briefs and during oral argument, and relevant case law, the Court finds Plaintiff's arguments regarding the weight afforded to Plaintiff's treating physician do warrant reversal and remand for further proceedings. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision is REVERSED AND REMANDED.

DATED this 31 March 2016.

Brooke C. Wells
United States Magistrate Judge

---

[54] See SSR 96-2p, 1996 WL 374188 at *4. ("Treating source medical opinions are…entitled to deference and must be weighed using all of the factors provided in [§§] 404.1527 and 416.927,  In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.")